UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

```
SYLVIA MEYER,                    :
                                 :
        Plaintiff,               :
                                 :    NO. 1:09-CV-00814
     v.                          :
                                 :
COMMISSIONER OF                  :
SOCIAL SECURITY,                 :
                                 :
        Defendant.               :
```

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 21), Plaintiff's objections thereto (doc. 22), and the Commissioner's response to Plaintiff's objections (doc. 23). In her Report and Recommendation, the Magistrate Judge recommends that the decision of the Administrative Law Judge ("ALJ") denying Plaintiff's application for supplemental security income be affirmed and this case be dismissed from the Court's docket. For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in its entirety.

**I. Background**

Plaintiff filed an application for supplemental security income ("SSI") on September 11, 2007, alleging a disability onset of July 2, 2007 resulting from panic attacks, an anxiety disorder and uterine cancer (doc. 21). The application was denied initially and upon reconsideration (Id.). After conducting a hearing, the

ALJ denied Plaintiff's application, finding that, while Plaintiff suffers from generalized anxiety disorder, panic disorder with mild agoraphobia, personality disorder with avoidant independent features, social phobia, bilateral carpal tunnel syndrome, and reactive airway disease, those severe impairments do not meet or equal the level of severity described in the Listing of Impairments (Id.).  Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act and further determined that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of medium work, with certain limitations, including that she could not use her hands for more than 2/3 of the workday (Id.). Further, the ALJ concluded that Plaintiff's testimony regarding the intensity, persistence and limiting effects of her symptoms was not credible to the extent that testimony conflicted with a finding of an RFC of medium (Id.).

The Magistrate Judge found the ALJ's determinations to be supported by substantial evidence and recommends that the case be dismissed from the Court's docket.  Plaintiff objects to the Magistrate Judge's Report and Recommendation on two bases: first, Plaintiff contends that there is "plenty of evidence" in the record supporting her contention that she had signs of carpal tunnel syndrome over a period of years in addition to evidence that she suffered from limitations as a result of the carpal tunnel (doc. 22).  In addition, Plaintiff asserts that the ALJ did not follow

2

"proper procedure" when she failed to ask Plaintiff's counsel to contact Plaintiff's physicians to obtain statements regarding the limitations caused by the carpal tunnel syndrome (Id.). Second, Plaintiff argues that the ALJ's credibility finding should not be credited because the "inconsistencies" that the ALJ and the Magistrate Judge referred to for support for Plaintiff's lack of credibility were not inconsistencies at all (Id.). Instead, Plaintiff contends, the record shows that her statements support a finding that she is not capable of sustaining full-time work (Id.).

**II. Discussion**

The Court reviews this matter de novo because Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. Fed. R. Civ. P. 72(b). The Court's sole function is to determine whether the record as a whole contains substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g); Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978). The ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(citing Consolidated Edison Co. V. N.L.R.B., 305 U.S. 197, 229 (1938)). For the same reasons set forth in the Magistrate Judge's Report and Recommendation, the Court finds that the ALJ's determination that Plaintiff is not disabled under the Act was supported by substantial evidence.

Even if the Court accepts Plaintiff's reading of the record–that there was "plenty of evidence" supporting her assertion that her carpal tunnel syndrome had been limiting her functioning for years–such a reading does not give Plaintiff the relief she seeks because it says nothing about whether the ALJ's decision was supported by substantial evidence.  In other words, even if the record could be read to support a finding that Plaintiff suffered from limitations caused by her carpal tunnel syndrome, a decision the Court does not reach, Plaintiff has raised nothing to show that the ALJ's decision to the contrary was not also supported by substantial evidence.  The Court does not resolve conflicting evidence, and a showing that an opposing decision could be supported by substantial evidence is simply not the standard Plaintiff needs to meet.  See, e.g., Collins v. Astrue, 373 Fed. Appx. 552 (6th Cir. 2010)("[E]ven if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ" the ALJ's decision should be given deference).

Here, the ALJ based her decision on the ample evidence presented in the record, including the facts that Plaintiff was not diagnosed with carpal tunnel syndrome until October 2, 2008, and that nothing in the record speaks to particular limitations on Plaintiff's ability to use her hands.  As the Magistrate Judge noted, "the mere diagnosis of an impairment does not render an

4

individual disabled, nor does it reveal anything about the limitations, if any, it imposes upon an individual." McKenzie v. Commissioner, No. 99-3400, 2000 WL 687680 at *5 (6th Cir. May 19, 2000). No medical evidence in the record supports Plaintiff's contention that she cannot use her hands for any significant length of time: nothing shows that she received any treatment for carpal tunnel after her diagnosis, and no restrictions on use of her hands were imposed by any physician.

     Plaintiff relies on statements she made to her mental health therapist, complaining about pain in her feet, hands and back, on a statement made to the Social Security adjudicator that if she holds the phone for a long time her hand hurts, and on her testimony that she had to give up her quilting hobby years ago and has trouble holding a pencil, a fork or a telephone because of her hand pain. However, these statements do not amount to substantial evidence of debilitating limitations, even if they are credited. They certainly do nothing to refute the absolute lack of any corroborating objective medical evidence, which was the basis of the ALJ's decision. The ALJ's decision with respect to Plaintiff's carpal tunnel syndrome is supported by substantial evidence, and Plaintiff has not demonstrated otherwise.

     Plaintiff asserts that the ALJ's imposition of a 2/3 workday restriction on hand use both did not adequately address the limitations Plaintiff suffers from and that the ALJ erred by

5

imposing that restriction without a medical opinion to support it (doc. 22). This, according to Plaintiff, is not permitted and is somehow contrary to the "proper procedure" (Id.). However, Plaintiff misapprehends the proper procedure. It was indisputably Plaintiff's responsibility and Plaintiff's burden to present substantial evidence of functional limitations. She did not meet her burden. It is not the ALJ's responsibility to fill in the gaps Plaintiff leaves in her case. As noted by the Magistrate Judge, when the ALJ has sufficient evidence before her to make a decision, she has no duty to sua sponte seek to augment the record. Landsaw v. Sec'y of H.H.S., 803 F.2d 211 (6th Cir. 1986). Here, the ALJ had sufficient evidence to have concluded that Plaintiff should have no hand-use restrictions placed on her workday because, again, the objective medical evidence did not compel a finding of any functional limitations resulting from her carpal tunnel syndrome. However, the ALJ clearly did credit at least some of Plaintiff's testimony regarding her experience of her carpal tunnel syndrome as she did impose a 2/3 workday restriction on hand use. Based on the record as a whole, including the medical evidence and Plaintiff's testimony, the ALJ had sufficient evidence to conclude that Plaintiff could work under certain conditions, provided that her hand use be restricted to 2/3 of the workday.

With respect to the credibility issue, the ALJ's credibility determination is entitled to great weight and

deference. Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 476 (6th Cir. 2003). The ALJ here provided specific reasons for her credibility finding, and Plaintiff has presented no compelling reason why that finding should not be deferred to. Plaintiff contends that the inconsistencies noted by the ALJ are not inconsistencies at all and insinuates that the ALJ either misstated the evidence or exaggerated it. To support this contention, Plaintiff notes that she reported that she does her housecleaning "a little bit this day, a little bit the next day," that her home does not get very dirty, that she babysits only part-time, that she goes to church weekly "but only with a friend of 20 years and stays in the back row," that she does not drive on a regular basis, and that she reads and watches television but only on an "intermittent basis" (doc. 22). These statements, Plaintiff submits, "are consistent with a finding that she is not capable of sustaining full-time work" and therefore should have been credited.

Once again, however, Plaintiff misapprehends the issue. The question is not whether her statements in a vacuum could support a finding that she cannot perform full-time work or whether the ALJ could have used those statements to rule in Plaintiff's favor. The question instead is whether the ALJ's decision that Plaintiff's testimony was "not particularly credible" was reasonable and supported by substantial evidence in the record. See Jones, 336 F.3d at 476. The ALJ is not required to take in

7

Plaintiff's statements unquestioningly; indeed, the ALJ should look at those statements in the context of the record as a whole, which is exactly what happened in this case.  For example, the ALJ noted that, in contrast to Plaintiff's testimony that she was in fear of having a panic attack, there was no medical evidence of a recent panic attack, and, despite her claims of anxiety, Plaintiff had exhibited no signs of anxiety during her recent physician visit or during a recent in-patient hospital stay.

Even if the statements Plaintiff relies on had been credited, the Court cannot see how they could provide substantial evidence for a finding that Plaintiff is disabled.  For example, the fact that she attends church "only with a friend of 20 years" and sits in the back row says absolutely nothing about her functional work limitations.  The same is true for the fact that her house does not get very dirty, or that she babysits only part-time or reads and watches television only intermittently and with breaks.  When put in the context of the full record, these statements simply cannot save Plaintiff's claim where no objective medical evidence supports a finding of complete functional limitations.  The ALJ's credibility determination was both reasonable and supported by substantial evidence and will thus not be overturned.

**III. Conclusion**

Accordingly, having reviewed this matter de novo pursuant

to 28 U.S.C. §636(b), the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (doc. 21), AFFIRMS the decision of the ALJ, and DISMISSES this case from the Court's docket.

SO ORDERED.

Dated: March 24, 2011          /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge